# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 29, 2020

```
* * * * * * * * * * * * * * * * * *
SUSAN HOEFLING, administrator of the   *
Estate of ASHLEY SCHOOP,               *    UNPUBLISHED
                                       *
            Petitioner,                *    No. 18-1935V
                                       *
v.                                     *    Special Master Dorsey
                                       *
SECRETARY OF HEALTH                    *    Petitioner's Motion for Decision Dismissing
AND HUMAN SERVICES,                    *    Her Petition; Influenza ("Flu") Vaccine;
                                       *    Rhabdomyolysis; Death.
            Respondent.                *
                                       *
* * * * * * * * * * * * * * * * * *
```

Renee Gentry, Vaccine Injury Clinic, GW Univ. Law School, Washington, DC, for petitioner.
Traci Patton, United States Department of Justice, Washington, DC, for respondent.

### DECISION[1]

On December 19, 2018, Susan Hoefling, administrator of the estate of Ashley Schoop, ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program")[2] alleging that as a result of receiving an influenza ("flu") vaccination administered on December 23, 2017, Ashley Schoop suffered from rhabdomyolysis and opioid addiction that led to her death.  Petition at 1-2, 8. The information in the record, however, does not show entitlement to an award under the Program.

On April 28, 2020, petitioner moved for a decision dismissing her case, stating that

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

> [a]n investigation of the supporting facts and science has demonstrated to the [p]etitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program. In these circumstances, to proceed any further would be unreasonable, and would waste the resources of the Court, the respondent, and the Vaccine Program.

Petitioner's Motion for Decision Dismissing Her Petition at ¶¶ 1-2. Petitioner states that she understands that a decision by the Special Master will result in a judgment against her, and that she has been advised that such a judgment will end all of her rights under the Vaccine Act. Id. at ¶ 3. Petitioner states that she understands that she may apply for costs once her case is dismissed and judgment is entered against her and that respondent expressly reserves the right to question good faith and reasonable basis of her claim and oppose her application for cost if appropriate. Id. at ¶ 4. Additionally, petitioner intends to protect her right to file a civil action, and pursuant to the Act, she intends to elect to reject the Vaccine Program judgment against her and elect to file a civil action. Id. at ¶ 6.

To receive compensation under the Program, petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by the vaccination. See §§ 13(a)(1)(A) and 11(c)(1). The records submitted by petitioner show that she does not meet the statutory requirement under 42 U.S.C. § 300aa-11(c)(1)(D)(i) to establish entitlement to compensation. The Federal Circuit has explained that the eligibility requirements in Section 11(c) are not mere pleading requirements or matters of proof at trial, but instead are "threshold criteri[a] for seeking entry into the compensation program." Black v. Sec'y of Health & Human Servs., 93 F.3d 781, 785-87 (Fed. Cir. 1996).

Accordingly, in light of petitioner's motion and a review of the record, the undersigned finds that petitioner is not entitled to compensation. **Thus, this case is dismissed. The Clerk of Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

                                                **s/Nora Beth Dorsey**
                                                Nora Beth Dorsey
                                                Special Master